BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
Charanjit Brahma (CA 204771)
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828
cbrahma@beneschlaw.com

Attorneys for Plaintiff,
OMNIVISION TECHNOLOGIES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

OMNIVISION TECHNOLOGIES, INC., a Delaware Corporation,

Plaintiff,

v.

SMARTSENS TECHNOLOGY (SHANGHAI) CO., LTD, a Chinese corporation, SMARTSENS TECHNOLOGY (HK) CO., LTD., a Hong Kong corporation, CHIPPLUS TECHNOLOGY (US) INC., a California Corporation, and SMARTSENS INC., a California Corporation,

Defendants.

Case No. 26-CV-11809

**COMPLAINT FOR PATENT INFRINGEMENT**

JURY TRIAL DEMANDED

Benesch

Plaintiff OmniVision Technologies, Inc. ("OmniVision") hereby files this Complaint for patent infringement against Defendants SmartSens Technology (Shanghai) Co., Ltd., SmartSens Technology (HK) Co., Ltd., Chipplus Technology (US) Inc., and SmartSens Inc. (collectively, "SmartSens" or "Defendants") and states as follows:

## NATURE OF THE ACTION

1. This action arises from SmartSens's unlawful infringement of the following United States patents owned by OmniVision: U.S. Patent No. 8,507,964 ("the '964 patent"), U.S. Patent No. 10,224,364 ("the '364 patent"), U.S. Patent No. 10,441,063 ("the '063 patent"), and U.S. Patent No. 9,966,396 ("the '396 patent") (collectively, "Asserted Patents"), under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

## PARTIES

2. Plaintiff OmniVision is a corporation organized under the laws of Delaware with a principal place of business at 4275 Burton Drive, Santa Clara, California, 95054.

3. Defendant SmartSens Technology (Shanghai) Co., Ltd. ("SmartSens Shanghai") is a Chinese corporation with its principal place of business at Building 8, Phase IV, Science and Technology Oasis, No. 889 Tianlin Road, Minhang District, Shanghai. *See* N.D. Cal. Case No. 26-cv-11526, Dkt. 43, ¶ 2; N.D. Cal. Case No. 5:25-cv-07857, Dkt. 1, ¶ 2.

4. Defendant SmartSens Technology (HK) Co., Ltd. ("SmartSens HK") is a Hong Kong corporation and wholly owned subsidiary of SmartSens Shanghai, with its principal place of business at Room C, 22nd Floor, Capital Trade Centre, 62 Tsun Yip Street, Kwun Tong, Kowloon, Hong Kong. *See* N.D. Cal. Case No. 26-cv-11526, Dkt. 43, ¶ 3.

5. Defendant Chipplus Technology (US) Inc. ("Chipplus") is a California corporation. Chipplus was formerly known as SmartSens Technology (US) Inc., having filed a name change Certificate of Amendment with the California Secretary of State on August 22, 2021. Chipplus maintains its principal place of business at 4655 Old Ironsides Drive, Suite 300, Santa Clara, California 95054. *See* N.D. Cal. Case No. 5:25-cv-07857, Dkt. 1, ¶ 3.

6. Defendant SmartSens Inc. is a corporation organized under the laws of California with a principal place of business 4633 Old Ironsides Dr., Suite 330, Santa Clara, California, 95054.

7. Defendants Chipplus and SmartSens Inc. are subsidiaries of SmartSens Technology (Shanghai)



Benesch

Co., Ltd., a publicly traded Chinese company. On information and belief, Chipplus and SmartSens Inc. are affiliates or subsidiaries of SmartSens HK.

8. SmartSens is "a high-tech company engaged in the research, development, design and sales of CMOS image sensors. Headquartered in Shanghai, China, it has sales offices and R&D centers in numerous cities and countries around the world, including Santa Clara, California." *See* N.D. Cal. Case No. 26-cv-11526, Dkt. 43, ¶ 10. SmartSens "operates globally through a network of research and development centers and sales offices, including Chipplus located in Santa Clara, California. *See* N.D. Case No. 5:25-cv-07857, Dkt. 1, ¶ 12.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

10. This Court has specific personal jurisdiction over SmartSens because SmartSens has committed acts within this District giving rise to this action, including acts of infringement, and has established minimum contacts with this forum such that the exercise of jurisdction over SmartSens would not offend traditional notions of fair play and substantial justice.

11. SmartSens has committed and continues to commit acts of infringement in this District by making, using, selling, offering for sale, and importing products that infringe the Asserted Patents.

12. SmartSens has purposefully availed itself of the privileges of conducting business in California and in this judicial district. SmartSens has sought the protection and benefit of California law, has actively solicited business, transacted business, and derived substantial financial benefit from residents of California and this judicial district. OmniVision's cause of action arises directly from SmartSens' business contacts and activities within California and this judicial district.

13. SmartSens has purposefully directed its CMOS image sensor business at the United States, California, and this District, and OmniVision's claims arise out of and relate to that conduct. By SmartSens's own account, it is "a high-tech company engaged in the research, development, design and sales of CMOS image sensors" with "sales offices and R&D centers in numerous cities and countries around the world, including Santa Clara, California," which is within this District. N.D. Cal. Case No. 26-cv-11526, Dkt.



Benesch

43, ¶ 10. Further, SmartSens HK "is actively engaged in the sales, marketing and export of products on a worldwide basis, including the United States," and that SmartSens Shanghai is authorized to practices SmartSens's U.S. patents "in its products." *Id.* ¶¶ 16–17. Further, SmartSens's products compete with OmniVisions products in the same U.S. markets.

14. SmartSens Shanghai and SmartSens HK have invoked the jurisdiction of the federal courts in California against OmniVision and stipulated to transfer in this District in N.D. Cal. Case No. 26-cv-11526. Exercising jurisdiction over SmartSens is reasonable and comports with traditional notions of fair play and substantial justice.

15. This Court has personal jurisdiction over Defendants SmartSens Shanghai and SmartSens HK because they "have sales offices and R&D centers in numerous cities… including Santa Clara, California", "work closely" in the "CMOS image sensor business, and because "SmartSens HK is actively engaged in the sales, marketing and export of products on a worldwide basis, including in the United States." N.D. Cal. Case No. 26-cv-11526, Dkt. 43, ¶ 10, 16.

16. This Court further has personal jurisdiction over Defendants Chipplus and SmartSens, Inc. because each resides in this State and has a principal place of business in this District. Further, Defendants Chipplus and SmartSens, Inc. conduct business and have committed acts of patent infringement in this judicial district, the State of California, and elsewhere in the United States, including the making, using, selling, offering for sale, and importation of products that infringe the Asserted Patents.

17. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants Chipplus and SmartSens Inc. have a regular and established place of business in this District, including at 4633 Old Ironsides Dr., Suite 330, Santa Clara, California, 95054. Venue is further proper in this District under 28 U.S.C. § 1391(c)(3) because Defendants SmartSens Shanghai and SmartSens HK are not residents of the United States and may be sued in any judicial district.

## OMNIVISION'S INNOVATIONS

18. OmniVision is a world-renowned fabless semiconductor company at the forefront of digital imaging innovation. Founded in 1995 in Santa Clara, California, OmniVision has earned its reputation as an industry leader through its pioneering approach to digital image sensor design, fabrication, and application. Today, OmniVision's advanced image sensors are designed for use in technologies including



Benesch

medical imaging, automotive systems, consumer electronics, and security devices.

19. OmniVision's innovations have resulted in over 5,000 U.S. and foreign patents and pending applications.

20. Throughout its history, OmniVision's image sensors have garnered numerous prestigious industry awards. In 2008, OmniVision received the "Best Image Sensor Technology" award from Electronic Design for OmniVision's pioneering OmniBSI™. OmniBSI™ used a breakthrough technology relating to backside illumination architecture. With OmniVision's OmniBSI™ innovation, the new backside illumination architecture boosted low-light sensitivity, improved quantum efficiency, and reduced cross-talk compared to standard front-side illuminated architectures.

21. Similarly, in the automotive industry, OmniVision has received numerous awards including, but not limited to, (a) the 2025 BIG Innovations Award for OmniVision TheiaCel® Product Family for automotive applications; (b) the 2022 AutoSens Silver Award for Most Innovative In-cabin Perception Application (OX05B); and (c) the 2022 AutoSens Silver Award for Hardware Development of the Year (OAX4600).

22. In 2026 alone, OmniVision received: (i) the 2026 MedTech Breakthrough Award for Best New Technology Solution in Dentistry (OCH23B30); (ii) the 2026 World Future Award in Health and Medical Care for Miniature Medical Imaging Solutions; and (iii) the Truly Innovative Technology Award for the OP03021 Single Chip LCOS Panel.

## SMARTSENS

23. On information and belief, SmartSens was founded in 2011 by Dr. Richard Xu (also known as Chen Xu), Dr. Yaowu Mo, and Weijian Ma.

24. Dr. Chen was a Senior Design Engineer at OmniVision between September 2009 to September 2011. Dr. Mo was also previously employed by OmniVision. While employed by OmniVision Dr. Xu and Dr. Mo learned OmniVision CMOS image sensor technology and brought much of this knowledge to SmartSens.

25. Dr. Chen and Dr. Mo are listed as inventors for U.S. Patent Nos. 8,508,629, 8,599,284, and 8,643,750, owned by OmniVision. On information and belief, SmartSens utilizes the claimed inventions of these patents in SmartSens products.



Benesch

26. SmartSens focuses on CMOS image sensor ("CIS") chip design for image sensors used in security, automotive, and consumer electronics.

27. Between 2015 and 2024, one or more SmartSens entities hired numerous engineers from OmniVision, including Richard Xu (formerly a Staff Analog Design Engineer for over seven (7) years), Xiaoyong Wang (formerly a Senior Manager of ISP Development for over eleven (11) years), and Yaki Zhang (formerly a Production Manager for over ten (10) years).

28. SmartSens actively promotes, advertises, offers for sale, and sells image sensors throughout the United States, including from its Santa Clara facility and at industry trade shows.

29. SmartSens sales representatives attended the AutoSens USA 2026 trade show at Huntington Place in Detroit, Michigan. SmartSens US advertised and offered for sale certain model image sensors that are used in the automotive sector including, for example, SC121AT, SC126AT, SC361AT, SC326AT, SC220AT, SC226AT, SC360AT, SC860AT, SC133AT, SC233AT, SC361AT, SC2332AT, SC2332AT IR, SC232AT IR, and SC553AT, among others.

30. On information and belief, SmartSens distributes and/or causes to be distributed its products into the stream of commerce in the United States by selling and offering to sell directly to customers, module integrators, and third-party distributors. For example, SmartSens sells and offers for sale, at least SC120AT, directly to Leopard Imaging in the United States.

31. On information and belief, SmartSens products are used in (1) security applications, e.g., home or commercial surveillance cameras and doorbell cameras, and (2) consumer electronic applications such as Samsung Galaxy phones.

32. SmartSens is actively marketing, promoting, encouraging, and selling or offering to sell its products in the automotive industry in the United States. On information and belief, SmartSens is actively targeting and has received purchase orders from consumer electronic companies.

## ASSERTED PATENTS

33. U.S. Patent No. 8,507,964 ("the '964 patent"), entitled "Image sensor having waveguides formed in color filters," was issued on August 13, 2013, from Application No. 13,591,058. OmniVision is the assignee of record for the '964 patent. A true and correct copy of the '964 patent is attached as **Exhibit A**.

34. The '964 patent expires November 9, 2029.



Benesch

35. The '964 patent relates to waveguide structures located within the color filters that are designed to reduce pixel crosstalk, wherein pixel crosstalk creates undesirable noise in the image sensor.

36. U.S. Patent No. 10,224,364 ("the '364 patent"), entitled "CMOS image sensor having enhanced near infrared quantum efficiency and modulation transfer function," was issued on March 5, 2019, from Application No. 15/666,086. OmniVision is the assignee of record for the '364 patent. A true and correct copy of the '364 patent is attached as **Exhibit B.**

37. The '364 patent expires October 12, 2037.

38. The '364 patent addresses near-infrared (NIR) quantum efficiency (QE) and modulation transfer function (MTF) structures, designed to increase the quantum efficiency of the near-infrared wavelength range.

39. U.S. Patent No. 10,411,063 ("the '063 patent"), entitled "Single-exposure high dynamic range sensor," was issued on September 10, 2019, from Application No. 15/628,304. OmniVision is the assignee of record for the '063 patent. A true and correct copy of the '063 patent is attached as **Exhibit C**.

40. The '063 patent expires September 23, 2037.

41. The '063 patent addresses split-pixel structures for use in image sensors that have a high dynamic range (HDR). For example, two photodiodes are provided, one with a smaller full-well capacity than the other, along with an attenuation layer to reduce a portion of the incident light.

42. U.S. Patent No. 9,966,396 ("the '396 patent"), entitled "High dynamic range image sensor with reduced sensitivity to high intensity light," was issued on March 8, 2018, from Application No. 15/239,537. OmniVision is the assignee of record for the '396 patent. A true and correct copy of the '396 patent is attached as **Exhibit D**.

43. The '396 patent expires January 25, 2036.

44. The '396 patent addresses a split-pixel for use in image sensors that have a high dynamic range (HDR). For example, two photodiodes are provided, one with a smaller full-well capacity than the other, along with a metal film layer to reduce a portion of the incident light and a metal grid disposed over the surface of the semiconductor substrate having a first and second plurality of openings for light to reach the first and second plurality of photodiodes, respectively.

Benesch

Benesch

## EXEMPLARY ACCUSED PRODUCTS

45. SmartSens designs, manufactures, imports, sells, and offers for sale, a variety of image sensor products. Two such exemplary products are the SC485SL and SC220AT image sensor products.

46. SmartSens imports, sells, and offers for sale a variety of image sensor products, including the SC485US and SC220AT.

47. The SmartSens SC485SL product is branded as a "Smart Clarity®-3" and "Star Light" image sensor. The SC485SL product is used in security and surveillance camera systems and is designed for improved image quality in low light environments.

48. SmartSens advertises the SC485SL as providing "superior performance in high sensitivity, high dynamic range, low noise, imaging at high temperatures, low power consumption, etc., which makes it ideal for camera upgrades of intelligent security applications such as AI dark-light full-color cameras." https://www.smartsenstech.com/page?id=267.

SmartSens SC485SL Product Flyer (version 1.0) (2025)

SMARTSENS

CMOS图像传感器
CMOS IMAGE SENSOR




49. The SC485SL image sensor incorporates (1) waveguide structures within the color filter corresponding to one of the photosensitive elements, and (2) a near-infrared (NIR) quantum efficiency (QE) enhancement substructure within a photosensitive region of the photodiode that modifies incident light at the illuminated surface and a modulation transfer function (MTF) enhancement structure disposed on the non-illuminated surface of the semiconductor material.

50. On information and belief, other SmartSens image sensors (both within the SL line and outside the SL line) employ the use of waveguide structures within the color filter.

51. On information and belief, other SmartSens image sensors (both within the SL line and outside the SL line) employ the use of a NIR QE enhancement substructure within a photosensitive region of the photodiode that modifies incident light at the illuminated surface and an MTF substructure disposed on the non-illuminated surface of the semiconductor material.

52. The SmartSens SC220AT is branded as a "Smart Clarity®" and "AT" image sensor. The SC220AT product is used in automotive applications such as, for example, automotive sensing applications and automotive in-cabin applications.

53. SmartSens advertises its SC220AT as "a high-performance, reliable, automotive-grade CIS solution, SC220AT can better empower automotive viewing and sensing applications, such as 360-degree surround view camera system, Automatic Parking System (APS), and Advanced Driver Assistance System (ADAS)." https://www.smartsenstech.com/page?id=194.




54. The SC220AT image sensor incorporates a split-pixel design with (1) a large photodiode and a small photodiode (that has a smaller full-well capacity), (2) an attenuation and metal film layer that reduces the intensity of incident light on the small photodiode, and (3) a metal grid structure with a plurality of openings for the large photodiodes and a plurality of openings for the small photodiodes.

55. On information and belief, other SmartSens image sensors (both within the AT line and outside the AT line) employ the use of dual-pixel design, employing a large photodiode and a small photodiode

(that has a smaller full-well capacity), and an attenuation layer that reduces the intensity of incident light on the small photodiode.

56. On information and belief, other SmartSens image sensors (both within the AT line and outside the AT line) employ the use of dual-pixel design, employing a large photodiode and a small photodiode (that has a smaller full-well capacity), and an metal layer that reduces the intensity of incident light on the small photodiode, along with a metal grid structure with a plurality of openings for the large photodiodes and a plurality of openings for the small photodiodes.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,507,964

57. OmniVision hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs and Exhibits attached to this Complaint.

58. On information and belief, and based on publicly available information, SmartSens imports, sells, and offers for sale products that infringe one or more claims of the ’964 patent including, but not limited to, the SC485SL (“the ’964 Patent Accused Products”).

59. On information and belief, each of the ’964 Patent Accused Products satisfies each and every limitation of at least claim 1 of the ’964 patent. Attached hereto as **Exhibit E** is an exemplary claim chart demonstrating infringement of the ’964 patent by at least the SC485SL.

60. The selection of this exemplary claim and exemplary product should not be considered limiting, and any additional infringing products and infringed claims of the ’964 patent will be disclosed pursuant to the Court’s rules and scheduling order.

61. On information and belief, the exemplary product shown in **Exhibit E** is substantially the same as all ’964 Patent Accused Products in all relevant respects and thus are representative of all ’964 Patent Accused Products.

62. SmartSens have directly infringed and continue to directly infringe one or more claims of the ’964 patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing the ’964 Patent Accused Products in this District and into the United States which satisfy, literally or under the doctrine of equivalents, each and every claim limitation of at least claim 1 of the ’964 patent.

Benesch

63. Each of SmartSens' aforementioned activities have been without authority and/or license from OmniVision.

64. SmartSens' acts complained of herein are damaging and will continue to cause irreparable injury and damage to OmniVision for which there is no adequate remedy at law. OmniVision is therefore entitled to a permanent injunction restraining and enjoining SmartSens from infringing the '964 patent.

65. By reason of SmartSens' infringing activities, OmniVision has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,224,364**

66. OmniVision hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs and Exhibits attached to this Complaint.

67. On information and belief, and based on publicly available information, SmartSens imports, sells, and offers for sale products that infringe one or more claims of the '364 patent including, but not limited to the SC485SL. ("the '364 Patent Accused Products").

68. On information and belief, each of the '364 Patent Accused Products satisfies each and every limitation of at least claim 1 of the '364 patent. Attached hereto as **Exhibit F** is an exemplary claim chart demonstrating infringement of the '364 patent by at least the SC485SL.

69. The selection of this exemplary claim and exemplary product should not be considered limiting, and any additional infringing products and infringed claims of the '364 patent will be disclosed pursuant to the Court's rules and scheduling order.

70. On information and belief, the exemplary product shown in **Exhibit F** is substantially the same as all '364 Patent Accused Products in all relevant respects and thus are representative of all '364 Patent Accused Products.

71. SmartSens have directly infringed and continue to directly infringe one or more claims of the '364 patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing the '364 Patent Accused Products in this District and into the United States which satisfy, literally or under the doctrine of equivalents, each and every claim limitation of at least claim 1 of the '364 patent.

72. Each of SmartSens' aforementioned activities have been without authority and/or license from



Benesch

OmniVision.

73. SmartSens' acts complained of herein are damaging and will continue to cause irreparable injury and damage to OmniVision for which there is no adequate remedy at law. OmniVision is therefore entitled to a permanent injunction restraining and enjoining SmartSens from infringing the '364 patent.

74. By reason of SmartSens' infringing activities, OmniVision has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,411,063**

75. OmniVision hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs and Exhibits attached to this Complaint.

76. On information and belief, and based on publicly available information, SmartSens imports, sells, and offers for sale products that infringe one or more claims of the '063 patent including, but not limited to, the SC220AT ("the '063 Patent Accused Products").

77. On information and belief, each of the '063 Patent Accused Products satisfies each and every limitation of at least claim 1 of the '063 patent. Attached hereto as **Exhibit G** is an exemplary claim chart demonstrating infringement of the '063 patent by at least the SC485SL.

78. The selection of this exemplary claim and exemplary product should not be considered limiting, and any additional infringing products and infringed claims of the '063 patent will be disclosed pursuant to the Court's rules and scheduling order.

79. On information and belief, the exemplary product shown in **Exhibit G** is substantially the same as all '063 Patent Accused Products in all relevant respects and thus are representative of all '063 Patent Accused Products.

80. SmartSens have directly infringed and continue to directly infringe one or more claims of the '063 patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing the '063 Patent Accused Products in this District and into the United States which satisfy, literally or under the doctrine of equivalents, each and every claim limitation of at least claim 1 of the '063 patent.

81. Each of SmartSens' aforementioned activities have been without authority and/or license from OmniVision.



Benesch

82. SmartSens' acts complained of herein are damaging and will continue to cause irreparable injury and damage to OmniVision for which there is no adequate remedy at law.

83. OmniVision is therefore entitled to a permanent injunction restraining and enjoining SmartSens from infringing the '063 patent.

84. By reason of SmartSens' infringing activities, OmniVision has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 9,996,396

85. OmniVision hereby re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs and Exhibits attached to this Complaint.

86. On information and belief, and based on publicly available information, SmartSens imports, sells, and offers for sale products that infringe one or more claims of the '396 patent including, but not limited to, SC485SL and SC220AT ("the '396 Patent Accused Products").

87. On information and belief, each of the '396 Patent Accused Products satisfies each and every limitation of at least claim 1 of the '396 patent. Attached hereto as **Exhibit H** is an exemplary claim chart demonstrating infringement of the '396 patent by at least the SC485SL.

88. The selection of these exemplary claims and exemplary products should not be considered limiting, and any additional infringing products and infringed claims of the '396 patent will be disclosed pursuant to the Court's rules and scheduling order.

89. On information and belief, the exemplary product shown in **Exhibit H** is substantially the same as all '396 Patent Accused Products in all relevant respects and thus are representative of all '396 Patent Accused Products.

90. SmartSens have directly infringed and continue to directly infringe one or more claims of the '396 patent, including at least claim 1, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing the '396 Patent Accused Products in this District and into the United States which satisfy, literally or under the doctrine of equivalents, each and every claim limitation of at least claim 1 of the '396 patent.

91. Each of SmartSens' aforementioned activities have been without authority and/or license from OmniVision.



Benesch

92. SmartSens' acts complained of herein are damaging and will continue to cause irreparable injury and damage to OmniVision for which there is no adequate remedy at law. OmniVision is therefore entitled to a permanent injunction restraining and enjoining SmartSens from infringing the '396 patent.

93. By reason of SmartSens' infringing activities, OmniVision has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

## JURY DEMAND

OmniVision respectfully demands a trial by jury of any issues triable by right under Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, OmniVision prays for relief as follows:

A. An adjudication that SmartSens has infringed one or more claims of the Asserted Patents, literally and/or under the doctrine of equivalents;

B. An award of damages to be paid by SmartSens to adequately compensate OmniVision for SmartSens' past infringement and any continuing or future infringement up until the date judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the SmartSens and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Asserted Patents;

D. Increased damages as permitted under 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award OmniVision its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deems just and proper.



Benesch

Dated: October 13, 2026

/s/ Charanjit Brahma
**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
Charanjit Brahma (CA 204771)
cbrahma@beneschlaw.com
100 Pine Street, Suite 3100
San Francisco CA 94111
(628) 600-2250

David H. Bluestone*
dbluestone@beneschlaw.com
Samuel J. Ruggio*
sruggio@beneschlaw.com
Thomas DaMario*
tdamario@beneschlaw.com
71 South Wacker Street, Suite 1600
Chicago, Illinois 60606
(312) 212-4949

** Pro Hac Vice Application Forthcoming*

Attorneys for Plaintiff
OMNIVISION TECHNOLOGIES, INC.

Benesch